# CASES ADJUDGED

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

---

THE PEOPLE, &c. ex rel. CYRUS E. DAVIS, Appellant, *v.*
HIRAM GARDNER, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, MARCH, 1871.)

The provision of the judiciary article of the Constitution (art. 6, § 13), which
limits the term of office of any judge, to the last day of December next
after he shall become seventy years of age, is not applicable to county
judges elected before January 1st, 1870.

The defendant was appointed county judge in 1868 to fill a vacant term
which expired December 31st, 1869; in November, 1869, was elected
to the same office, and in February, 1870, attained the age of seventy
years.—*Held*, that he was elected for four years from January 1st, 1870,
and entitled to serve that full term, as being in office at the time of the
adoption of the new judiciary article.

THE defendant was appointed county judge of Niagara
county, November 17th, 1868, to fill a vacancy caused by the
resignation of George D. Lamont, whose term of office would
have expired December 31st, 1869. The defendant qualified
and discharged the duties of the office.

At the general election in November, 1869, the defendant was elected county judge for the term of four years. He took the oath of office and continued to discharge the duties of the office. February 9th, 1870, the defendant attained the age of seventy. The relator was a candidate for the office at the general election held in November, 1870, and the only candidate, and he received all the votes cast for the office but one. The county canvassers refused to estimate the votes in his favor, or to do any act recognizing his election to such office.

The case was tried at the Niagara county circuit in February, 1871, Mr. Justice MARVIN presiding, and judgment was there given for the defendant. From this judgment the relator appealed. An opinion was given at the circuit as follows :

"MARVIN, J.   At the general election held in November, 1869, the electors of the State adopted a substitute for the sixth article of the Constitution of 1846, to go into effect on the 1st day of January, 1870.   It is known as the judiciary article.

" By the fifteenth section it is declared that, ' The existing county courts are continued, and the judges thereof in office at the adoption of this article, shall hold their offices until the expiration of their respective terms.   Their successors shall be chosen by the electors of the counties for the term of six years.'   In section thirteen it is declared : 'But no person shall hold the office of justice or judge of any court longer than until and including the last day of December next after he shall be seventy years of age.'   As this section and the previous sections relate to courts other than county courts, and as there is nothing said in section fifteen relating to county courts touching the age of the incumbent of the office, it has been suggested that the limitation by age has no application to county judges.   I think the language ' justice or judge of any court' is too clear to justify any doubt as to intention.   I think it includes county judges.

" The decision in this case must depend upon the construction to be given to the language used in the fifteenth section, as above quoted, in connection with the facts of the case.

" There was no vital force in this article until the 1st day of January, 1870, and article 6 of Constitution of 1846, was in full force up to the moment when it was superseded by this new judiciary article. By section 14 of article 6 of the Constitution of 1846, it is declared that ' There shall be elected in each of the counties of the State, except the city and county of New York, one county judge, who shall hold his office for four years.' It was under this provision of the Constitution of 1846, and the statutes relating to the subject that the electors of Niagara county proceeded at the general election of 1869, and elected the defendant a county judge for four years ; the term to commence on the 1st day of January following. Was the defendant ' in office ' within the meaning of the new judiciary article at the time it became the fundamental law ? All language in constitutions, statutes and other instruments is used in reference to some subject-matter, and it is always to receive a fair construction with the view of effectuating the intention of the body of persons employing the language.

" It was not intended by the new judiciary article to overthrow or disturb what had been lawfully done under and in pursuance of the Constitution and laws previously existing. It is not doubted that the defendant was lawfully elected at the election in November, 1869, but the claim is that he was not ' in office ' under that election until the new judiciary article was adopted ; and that the provision relating to age is applicable to him, and that his term expired on the 31st day of December, 1870. It is suggested that the new judiciary article was ' adopted ' when the State canvassers had completed their canvass of the votes. Undoubtedly the electors had adopted the article. They had done all that they were authorized by law to do ; but the article was not to become law until a future day. Until that time arrived it was silent

and affected no one. (*Real* v. *The People*, 42 N. Y. R., 270; *Richter* v. *Poppenhausen*, id. 373, are in point.)

"It may be conceded that the term for which the defendant was elected (four years) did not commence until January 1, 1870, and it will not necessarily follow that the defendant was not 'in office,' by virtue of his election within the meaning of the new judiciary article prior to the 1st day of January, when his term of office commenced. He was certainly elected. His election was fully accomplished when the county canvassers had completed the canvass.

"He had a right, on receiving notice of his election, to take and file the oath of office. (1 R. S., 119, § 21.) He is, in the statute, styled an officer. He may take the oath of office within fifteen days after the commencement of his term of office. (Id.) Here the statute distinguishes between 'the officer,' and his 'term of office.' In short by turning to this 'article third, of oath of office, and official bond' (1 R. S., 118), it will be seen that the persons elected or appointed to any civil office or public trust embraced in the chapter, are mentioned as officers, they are referred to by the title of the office to which they have been elected or appointed, as the governor, chancellor, justices of the Supreme Court, justices of the peace, &c., &c. 'All officers elected by the people * * * shall enter on the duties of their respective offices on the 1st day of January following the election at which they shall be chosen.' (1 R. S., 116, § 3.) Here we have the time specified when the 'officer elected' shall enter on the duties of his office. The person elected is, by the statute, recognized as an officer in office.

"Now, I have thus referred to the language used in statutes as some guide or aid in ascertaining the sense in which the words in the new judiciary article were used, the judges 'in office at the adoption of this article.' In my opinion, the defendant was, in contemplation of the new judiciary article, in office when that article was adopted and became law. The point made by the relator is very sharp and technical, and, if it is to prevail, then the action of the

The People ex rel. Davis *v.* Gardner.

electors, at the election in 1869, is to be annulled. As I have already said, the electors were authorized to do all they did do, and more. It was their duty to do what they did. The Constitution of 1846 was in full force, requiring them to elect a county judge for four years.

"They had no authority to elect for a longer term. They had authority to elect a person of any age above majority. They could have elected one whose age at the time of the election was more than seventy. What then? Such person, I suppose, could have taken the oath of office; but 'the last day of December next after he shall be seventy years of age,' would have come before the term of office would commence, and the county would be without a judge. Nothing of the kind was contemplated by the convention; but it was intended to preserve all that had been lawfully done in the way of filling the office of county judge; and the language used, 'in office,' was general and fitly chosen, in view of language that had been used in the statutes to which I have referred, and in common parlance, to include the case when one had been lawfully and properly elected. It is not said, the judges whose terms of office have commenced shall hold their offices until the expiration of their official terms. But if we should be driven to the precise point made by the relator, how would the case then stand? It is claimed that the defendant was not in office until his term of office commenced, and that this was the first day of January, 1870, the day when the new judiciary article came into effect, containing the provision touching the age of justices and judges of any court.

"Can it be asserted that there was any moment of time when this new judiciary article was in force, that the defendant was not in office? Clearly not. The most that can be claimed is, that the commencement of the term of office and the beginning of the authority of the new constitutional article were simultaneous. It may then, I think, be safely averred, that the official term of the defendant commenced at the time the constitutional provision became operative.

And if it is necessary to hold that he was not in office until the term of office commenced, it may be safely held that he was in office when the new Constitution came into effect. But these views or suggestions, in my own opinion, have relation to a question quite too narrow. The case has a broader base. The rights of the defendant are to be found in the Constitution of 1846, as continued in the new constitutional judiciary article. It was not intended to interfere with any right acquired to the office of county judge prior to the coming into effect of the new judiciary article; and the provisions, therefore, in section thirteen of the article relating to age can have no application to this case. It can be applied only to judges or justices who are appointed or elected under and in pursuance of the new constitutional article.

" There must be judgment for the defendant."

*M. B. Champlain*, Attorney-General, for the appellants.

*L. F. Bowen*, for the respondent.

MULLIN, P. J. For certain purposes, the judiciary article of the Constitution now in force, was adopted when the State canvassers declared the result of the vote upon that article in November, 1869. For other purposes, the time of its adoption was when it took effect, which was on the first of January, 1870.

The defendant was elected in the fall of 1869, for four years, as there was no other term prescribed for the continuance in office of county judges, but the judiciary article adopted in 1846. It follows that the defendant was in office on the first day of January, 1870, and was, therefore, continued in office for four years from that date.

The limitation of the new judiciary article, of the age beyond which a judge cannot hold office, has no application to judges elected before the first of January, 1870, and continued in office by the new judiciary article. I am of the opinion, therefore, that relator is not entitled to the office of county judge, but the defendant is so entitled, and the judgment should be affirmed.